# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| HYPERION MUNITIONS, INC., a Florida corporation, | Case No. 2:25-cv-11461-NGE-KGA |
| Plaintiff, | Hon. Nancy G. Edmunds<br>Magistrate Judge: Kimberly G. Altman |
| v. | |
| CENTER FOR QUALITY TRAINING INTERNATIONAL LLC, a Michigan Limited Liability Company, | |
| Defendant. | |

## STIPULATED PROTECTIVE ORDER

**IT IS HEREBY ORDERED** that any party or non-party (the "producing party") may designate information, documents, or things as "Confidential" under the following terms and conditions:

1. Any document, information, or thing may be designated "Confidential" if the producing party determines in good faith that it (a) contains confidential, competitively sensitive, or proprietary information that is not readily ascertainable through lawful means by the public, (b) that if disclosed publicly would likely cause oppression, competitive disadvantage, infringement of privacy rights established by statute or regulation, or infringement of confidentiality requirements established by

M9371\1003929\283600539.v2-9/15/25

statute or regulation, (c) is or contains information subject to a confidentiality agreement, (d) contains Protected Health Information as defined by 45 CFR § 160.103, or (e) that if used for purposes other than those authorized by this Order could cause oppression or competitive disadvantage.

2.   A producing party may designate any document or other tangible information or thing as "Confidential" by conspicuously stamping or appending the appropriate designation. In the case of a paper or electronically imaged document, a producing party shall so mark each page of the protected document without covering or otherwise altering any information reflected on the page of the document. In the case of electronically stored information produced in native format, in addition to noting in a written communication to the receiving party that the specific information being produced is designated "Confidential," a producing party shall without altering the protected information's metadata place the legend "Confidential" in the name of the electronic folder containing the protected information and on the physical media, if any, by which the protected information is produced.

3.   A copy of this protective order shall be served with any subpoena seeking documents or information from a non-party.

4.   A non-producing party may also designate any document, information, or things produced during the course of this proceeding, not already designated "Confidential" as "Confidential" as if it were a producing party. The non-producing

2

party shall accomplish such designation by notifying all parties in writing of the specific item so designated.

5. A producing party may designate documents, information, or things disclosed at a deposition as "Confidential" on the record during the deposition or, within 30 days of receiving the deposition transcript, by notifying all parties in writing of the specific item so designated or the lines and pages of the transcript that are "Confidential." All deposition transcripts and exhibits will be deemed Confidential for a period of 30 days after the receipt of the deposition transcript.

    a. If a producing party designates such materials as "Confidential" on the record, the court reporter shall indicate on the cover page that the transcript includes "Confidential" information and shall list the pages and line numbers and/or exhibits of the transcript where such information is contained and shall bind the transcript in separate portions containing "Confidential," and non-Confidential material. Further, during the period in which such "Confidential" information is discussed during the deposition, any person present during the deposition who is not authorized to receive such information under Paragraph 10 below, shall be excluded from that portion of the deposition.

    b. A non-producing party may designate documents, information, or things disclosed at a deposition as "Confidential" in the same manner as a producing party.

6. If a party producing documents inadvertently fails to mark a document as "Confidential" for which it desires such treatment, it shall so inform the party receiving the documents forthwith, but in no event later than thirty (30) days following the discovery of the inadvertent disclosure. The receiving party thereupon shall return the unmarked documents to the producing party and the producing party shall substitute properly marked documents.

7. The inadvertent or unintentional disclosure by a producing party supplying confidential discovery material, regardless of whether such discovery material was designated as "Confidential," shall not be deemed a waiver in whole or in part of the producing party's claim of confidentiality with respect to the discovery material disclosed, provided that the producing party making such inadvertent or unintentional disclosure notifies the receiving parties forthwith, but in no event later than thirty (30) days after it learns of such inadvertent or unintentional disclosure. If discovery material was disclosed and is subsequently designated as "Confidential," the disclosing party shall make good faith efforts to preserve the "Confidential" nature of such discovery material and to obtain compliance with this Order from any person to whom such discovery material was disclosed.

8. If a producing party, at the time of disclosure, inadvertently fails to identify as "Confidential" any discovery material (including, without limitation, documents, oral, visual, or recorded information) for which it desires such treatment,

and another party files the material with the Court prior to receiving notice that such material was inadvertently disclosed without the desired designation, the producing party who made the inadvertent disclosure shall be responsible for seeking appropriate relief from the Court.

9. Should any party object to a designation of any information, documents, or things as "Confidential" the parties or the producing party shall, on an expedited basis, meet and confer in a good faith attempt to reach an agreement regarding the status of the information, documents, or things. The parties are strongly encouraged to resolve all such objections and, if appropriate, utilize the services of a neutral to assist the parties in the resolution of the dispute. If an objection is not thereby resolved, a party may bring the dispute before the Court on an expedited basis for determination. The party claiming the "Confidential" designation shall have the burden of proving good cause for the entry of an order maintaining the designation of the information, documents, or testimony under the terms of this Stipulated Protective Order. Until the Court makes such determination, all material designated as "Confidential" shall be treated as such.

10. All information, documents, or things produced, exchanged, or inspected in the course of this proceeding shall be used solely for the purposes of this or related proceeding(s), if any, in any foreign jurisdictions.

11. All documents, information, or things designated as "Confidential" shall be made available only to the Court's staff and to counsel for the parties (including the paralegal, clerical, and secretarial staff employed by such counsel in connection with this case) and the following persons:

    a. The parties and those agents, and employees that are directly involved in the prosecution or defense of this matter;

    b. experts or consultants (together with their clerical staff) retained by the respective parties to assist in this case;

    c. any court reporter or electronic database contractor or vendor employed in this case;

    d. a witness at any deposition or other proceeding related to this case;

    e. a potential witness;

    f. any person or entity who participated or had any other involvement in the subject transactions underlying this lawsuit (whether through written or verbal communications or otherwise); and

    g. any other person with the written consent of the parties (and any affected non-party producing party) or upon order of the Court.

12. Materials designated as "Confidential" shall not be made available to persons other than those authorized in paragraphs 11 above – even if attached to or

contained within otherwise non-Confidential materials, such as transcripts, memoranda, discovery responses, or affidavits. The "Confidential" information must be removed before the remaining materials may be made available to those other persons.

13. Materials designated as "Confidential" shall not be disclosed by opposing counsel to a former employee of Plaintiff or Defendant, respectively, to a witness at any deposition or other proceeding in this case, to a potential witness, or to a testifying or non-testifying expert or consultant, or to any other person who was given consent, unless and until such person has first been supplied with and has read a copy of this Order and has agreed in writing to be bound by this Order. Current employees of Plaintiff and Defendant are not required to execute such a writing, but must be advised regarding the provisions of this Protective Order.

14. Counsel shall maintain files containing materials designated as "Confidential" in a secure location. This provision shall not prevent use of an ESI vendor or host who restricts access to those persons permitted to review Confidential materials as set forth in this Order

15. Filing Under Seal. This order does not authorize the filing of any documents under seal except as authorized by Local Rule 5.3 of this Court.

16. Notice to producing party. Any party, other than the producing party, that anticipates filing any material that has been designated as Confidential

7

information must provide reasonable notice to the producing party of the proposed filing, so that the producing party will have ample time, if it so desires, to file a motion for leave to file the material in question under seal. The parties then shall meet and confer in connection with any anticipated motion for an order authorizing the filing of Confidential information under seal, in a good faith attempt to reach an agreement regarding whether the Confidential information should be filed under seal. See E.D. Mich. LR 7.1(a). If an agreement is reached, then the parties may file a joint motion for leave to file under seal, in conformance with paragraph 15 and Eastern District of Michigan Local Rule 5.3. If an agreement is not reached, then the producing party may file a motion in compliance with paragraph 15 and Local Rule 5.3. If the motion is denied, then the party separately may file the material, but not under seal.

17. Nothing in this Order shall preclude any party or their attorneys from:

   a. Showing materials designated as "Confidential" to an individual who either prepared or reviewed the document, or is shown by the document, to have received the document.

   b. Disclosing or using, in any manner or for any purpose, any information, documents, or things from the party's own files that the party itself designated as "Confidential."

**c.** Disclosing or using, in any manner or for any purpose, any information, document, or thing at the trial of this matter. But if a party intends to use or offer into evidence at such trial any materials designated as "Confidential," that party must, unless otherwise ordered by the Court, so inform the producing party in a reasonable time in advance to allow the producing party to take such steps that it deems reasonably necessary to preserve the confidentiality of such information or documents.

**d.** Redacting information from documents produced in accordance with the discovery process, including information that is irrelevant to this action and would provide the opposing party with a business advantage over the producing party if it is produced. Nothing in this subsection limits the opposing party from challenging such redactions before this Court.

18. If a party is served with a subpoena or similar process, from any person or entity whatsoever, directing that party to produce any materials designated as "Confidential" by another party, counsel for that party shall immediately give counsel for the designating party written notice of such service so that the designating party may seek a protective order or otherwise act to protect the confidentiality of the designated materials.

19. Within sixty (60) days of the conclusion of this action, including any appeals, all originals and reproductions of any materials designated as

"Confidential" shall be destroyed at the request of the opposing party; provided, however, counsel for the parties may retain one complete set (including exhibits) of pleadings and motion papers filed with the Court, and one complete copy of deposition testimony given in this action, in addition to materials designated as "Confidential" in a secure location - subject to any applicable Statute of Limitations. Upon request, counsel for the receiving party shall provide written verification to the producing party that all copies of such materials produced to the receiving party have been destroyed, other than as indicated in this paragraph. Materials designated as "Confidential" that are in the custody of the Court are excepted from the terms of this paragraph.

20. If information or materials are inadvertently produced that are subject to a claim of attorney-client privilege, attorney work product or any other ground on which production of such information or materials should not be made to a party, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of privilege, work product or other ground for withholding production to which the producing party would otherwise be entitled. Any and all facially privileged or work product materials inadvertently produced shall be returned promptly, when discovered. Any other inadvertently produced privileged materials shall be promptly returned upon the request of the producing party.

21. The terms of this Order shall remain in effect after the action and any related appeals are concluded, except that there shall no longer be any restriction on the use of materials designated as "Confidential" that are used as exhibits at trial (unless such exhibits were used under seal or protective order at trial).

SO ORDERED.

HOLLAND & KNIGHT LLP

By: /s/Martin Burke
Martin Burke
100 North Tampa Street, Suite 4100 |
Tampa, Florida 33602
(813) 227.6704
Martin.Burke@hklaw.com
Co-Counsel for Plaintiff

and

DENNIS M. BARNES, PLLC
By: /s/ Dennis M. Barnes
       Dennis M. Barnes (P39401)
8540 N Canton Center Rd.
Canton, MI 48187
 (313) 965-8300
Dennis@BarnesADR.com
Co-Counsel for Plaintiff

CLARK HILL

By:   /s/David F. Hansma
       David F. Hansma (P71056)
       Christopher A. Ferlito (P80574)
220 Park Street, Suite 200
Birmingham, MI 48009
(248) 988-5877
dhansma@clarkhill.com
cferlito@clarkhill.com
Attorneys for Defendant

s/Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge

Dated: September 15, 2025

11